Argued November 22, 1978, reversed February 6, petition for review denied March 27, 1979

# In the Matter of the Marriage of
## ATKINSON, *Appellant,*
## *and*
## ATKINSON, *Respondent.*
### (No. 32186, CA 11448)

590 P2d 279

S. David Eves, Corvallis, argued the cause for appellant. With him on the brief was Ringo, Walton, Eves & Gardner, P.C., Corvallis.

Gregory L. Decker, Albany, argued the cause for respondent. On the brief were Richard T. Kropp and Emmons, Kyle, Kropp & Kryger, Albany.

Before Richardson, Presiding Judge, and Lee and Joseph, Judges.

RICHARDSON, P. J.

Lee, J., dissenting opinion.

## RICHARDSON, P. J.

Mother appeals modification of a decree of dissolution which changed custody of one of the parties' children from her to the father. We reverse.

The decree of dissolution was entered July 7, 1977, *nunc pro tunc* to June 14, 1977. Mother was given custody of the parties' three children who were seven, eleven and thirteen years old at the time of this proceeding. Father was given liberal visitation rights and experienced no difficulty in exercising those rights. Following the dissolution both parties remarried. Mother moved with her new husband to Eugene and father moved to Redmond.

Approximately three months after entry of the decree, *i.e.,* September 23, 1977, father filed a motion for change of custody of David, the oldest child. The change of circumstances offered by the father are that he has remarried and established a good home for David, that there is a conflict between David and mother's new husband and that David has expressed a strong desire on a number of occasions to live with his father in Redmond. Father testified that mother is a good parent and aside from the conflict between David and her husband, she provides a good home for the children.

■ The purpose of the change of circumstances rule is to avoid repeated litigation of the child custody issue and to provide children with a stable environment. In *Niedert and Niedert,* 28 Or App 309, 559 P2d 515, *rev den* (1977), we said:

> "* * * the rule requires a showing of some change of circumstances which makes either the benefits to be gained from a change of custody or the detriment caused by not making the change outweigh the damage done to a child who is exposed to shifting parental figures." (Citation omitted.) 28 Or App at 313.

■ Father concedes that the parties' remarriages alone is not a sufficient change of circumstances justifying a change of custody. His principal argument is that the

[ 377 ]

new family environment resulting from the mother's remarriage and David's problems with that environment is a new circumstance that is detrimental to the child's best interests.

By agreement of both parties a psychologist made a study of both families and the children. The psychologist's report indicates David is emotionally immature for his age and is experiencing more difficulty than the other children in adjusting to the dissolution of his parent's marriage and the new family situation. He is having conflicts with the mother's new husband revolving principally around discipline and other aspects of a father-son relationship. The psychologist concluded that David, who was entering puberty with some difficulty, needed a close father-son relationship to properly mature. The report contained a recommendation that custody be changed to the father.

The evidence from both parties and from David indicates David's relationship with his stepfather is improving. David is acclimating to the school in Eugene and is contemplating acquiring a paper route.

■ The unanticipated problems a child is experiencing in accepting the new spouse of the custodial parent may in some instances be a substantial change of circumstances where the continuation of the child in that environment will be detrimental. We conclude, in this case, it is not a sufficient change of circumstances to outweigh the damage to the child by a change of custody.

■ David's often expressed desire to live with his father, although to be accorded some weight in the custody determination, must be viewed with caution. His choice appears to be motivated by wanting to be in a more attractive living environment in Redmond and a desire to escape the discipline imposed by the custodial parent.

■■ In arriving at our decision we take into consideration that the motion for change of custody was made

within four months of the original custody decision. When a motion for change of custody is made a short time after the last custody decision and expiration of the time for appeal the asserted change of circumstances and detriment to the child must be more closely scrutinized by the court. Frequent litigation of the child custody issue with the attendant opportunity of the child to manipulate his parents tends to destroy the stability a child needs for adjustment to the traumatic events of dissolution and creation of a new family situation. Both parents ought to put their personal desires aside and allow the child sufficient time to make the necessary adjustments consistent with the abilities of the child to adjust.

Reversed. No costs to either party.

**LEE, J.,** dissenting.

I would not disturb the trial court decree which changed the custody of this thirteen-year-old boy from his mother to his father because there is no evidence that the trial court was "manifestly mistaken." *See, Starin and Starin,* 29 Or App 557, 564 P2d 748, *rev den* (1977).

As stated in *Starin:*

"To overcome the weight afforded the trial court in factual questions of this nature, appellant must persuade us from the cold record that a mistake was made. A typewritten transcript is a relatively unreliable and imperceptive device for determining witness' credibility, personality and character, and a poor substitute for seeing and hearing the witnesses.* * *" 29 Or App at 560.

Based upon the facts set forth in the majority opinion I would affirm. Therefore, I respectfully dissent.