Argued and submitted October 19, reversed and remanded
December 10, 1979, reconsideration denied January 17,
petition for review allowed March 18, 1980

In the Matter of the Marriage of
BOHN,
*Appellant,*
*and*
BOHN,
*Respondent.*

(No. 78-1874-E-2, CA 14999)

603 P2d 781

William G. Carter, Medford, argued the cause for appellant. With him on the brief was Grant, Ferguson & Carter, Medford.

Robert F. Webber, Medford, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

JOSEPH, P.J., specially concurring opinion.

## RICHARDSON, J.

In this dissolution of marriage proceeding father appeals the denial of his motion to modify the previously decreed child custody arrangement.

A default decree of dissolution was entered in August, 1978, and incorporated a property settlement agreement entered into by the parties. The agreement provided that the parties would retain joint custody of their son, who is presently four years old, with an alternating year to year change of physical custody on June 14 of each year. The parent not having physical custody was to have reasonable visitation rights.

At mother's request, father accepted custody of the child for the first year following the decree. In May, 1979, father moved to modify the decree by awarding permanent custody of the child to him. The principal issue at the hearing was mother's lifestyle and her living environment. Following entry of the decree, mother entered into a sexual relationship with a man who is an alcoholic. She lived with him for approximately three weeks and after moving out of his residence, she continued the relationship on a sporadic basis and has stayed with him on and off since moving into her own apartment. In exercising her visitation privileges, mother has taken the child to her boyfriend's home and the child has been present on many occasions when mother and her boyfriend have stayed together over a weekend. The child has expressed a dislike for mother's boyfriend and his displeasure with mother's visitation. Father testified that the child was often upset after visiting mother, especially when the visits involved her boyfriend. Mother testified that her boyfriend, although an alcoholic, was participating in an alcohol rehabilitation program and had not had a drink for three months. She intends to continue the relationship. Mother is working part-time and attending college.

Father and the child were interviewed by a psychiatrist, who testified on behalf of father. He concluded

that father was an emotionally stable person and was doing a good job as a parent. The court found, and mother agreed, that father was an excellent parent. The psychiatrist testified that in his opinion the joint custody arrangement was detrimental to the child. Based on the facts of the relative lifestyles and living arrangements of the parents, he concluded that the child should remain with the father.

The trial court concluded that the parties had made an agreement for joint custody and annual physical custody and should abide by that agreement. The court determined that the mother should have an opportunity to demonstrate her abilities as a parent in her new living environment and said that there was not a sufficient change of circumstances to justify modification of the custody arrangement.

Both parties agreed that the alternating physical custody arrangement in the decree was undesirable. Despite her feelings that the annual change of custody would be disruptive and upsetting to the child, mother desired to continue the arrangement in order that she might have custody of the child for the succeeding year.

It is clear from the testimony, both from the parties and the psychiatrist, that the joint custody arrangement is detrimental to the child. The psychiatrist testified that consistency and stability is of paramount importance in development of a small child into a normal adult. He stated that moving the child back and forth between parents on an annual basis is harmful to a child of that age.

We have often reiterated the principle that a substantial change of circumstances is necessary in order to modify a decree. However, in situations involving custody of a child the overriding concern is the welfare of the child. If the child custody arrangement is detrimental to the child and the harm in maintaining the status quo is greater than that attendant upon a

change of custody, the arrangement ought to be modified. In that instance the unanticipated harm to the child in the custody arrangement is a sufficient change of circumstances to justify modification, *Atkinson and Atkinson,* 38 Or App 375, 590 P2d 279, *rev den* 286 Or 1 (1979). We conclude that the joint custody arrangement should be terminated.

Because we conclude the joint custody arrangement must be terminated, it is necessary to determine a permanent custody arrangement which is in the best interest of the child. There is no question that father is an excellent parent and because he was awarded the family home by the decree he is able to maintain a familiar living environment for the child. He has made adjustments in his employment schedule in order to devote more time to the child.

While the evidence does not point to a characterization of mother as a bad parent, it does demonstrate an instability in her life. Considering all the factors, some of which we have set forth in this opinion, we conclude that permanent custody should be awarded to father and mother should have reasonable visitation privileges. Accordingly, the decree is modified in conformance with this opinion.

Reversed and remanded. No costs to either party.

**JOSEPH, P.J.,** specially concurring.

I concur in the result. The majority has chosen to accept the characterization of the custody arrangement involved as "joint custody" for the purposes of the decision, but I would not do that. Whatever may turn out to be the eventual meaning of that term, which is now coming into vogue, I would not dignify the arrangement in this case in any way that might misleadingly suggest that this court is prepared to accept it in any case as in "the best interests of the child." My head, my heart and my instincts say it would always be in the worst interests of any child.