In the Matter of the Marriage of
MURRAY,
*Appellant,*
*and*
MUSTO,
*Respondent.*

(No. 41091, CA 15600)

614 P2d 132

James M. Gillis, Newport, argued the cause for appellant. With him on the briefs was Litchfield, Macpherson, Carstens & Gillis, Newport.

Richard D. Beeson, and Minor, Yeck & Beeson, P.C., Newport, filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

In this dissolution case the trial court entered a decree which provided in part:

" 'IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the petitioner and respondent be and hereby are awarded the joint care, custody and control of the minor child of the parties, Mollie Katherine Murray Musto. The petitioner shall be entitled to have physical custody and visitation of the minor child, Mollie, from July 23, 1979 until December 20, 1979. In the event the petitioner chooses to leave the State of Oregon during this period and take the minor child with her, she is required to pay all costs of transportation to and from the child's permanent residence in the State of Oregon. The petitioner shall return the minor child to the physical custody of the respondent on December 20, 1979. Thereafter, the minor child shall live with the respondent and then the petitioner on an alternating four month basis until the child starts school. The visitation shall be extended or shortened, as the case may be, so that the petitioner will have the minor child with her for Christmas, 1980 and each even numbered year thereafter, and the respondent will have the minor child with him for Christmas, 1979 and each odd numbered year thereafter. After December 20, 1979, the parent receiving the minor child from the other parent shall pay the cost of transportation. If both parents continue to reside in the State of Oregon, the petitioner shall be entitled to have visitation with the minor child on the child's birthday on odd numbered years, and the respondent shall be entitled to have visitation with the minor child on the child's birthday on even numbered years.' "[1]

Mother appeals.

---

[1] The quoted language is from paragraph IV of the decree. The rest of that provision and paragraph V are:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that at the time the child starts school, the petitioner shall have physical custody of the minor child during the school year, subject to alternative

During the pendency of the dissolution proceeding the court had entered an order that the parties have joint custody of the child. The parties were then living about four or five miles apart, and apparently their understanding of joint custody was that physical custody of the child would change frequently. There were some conflicts over the timing of those changes, but there was no evidence that there had been any adverse effects on the child. By the time the dissolution was heard, mother had decided she would move with the child to her parents' home in Wheaton, Maryland; she said that she had not been able to work out any mutually satisfactory custody arrangement with father. Father asked that the custody arrangement in the *pendente lite* order be continued, but that he have physical custody six months and she have physical custody six months in every year until the child, then three, would enter school.

Mother did move to Maryland. Her appeal challenges the custodial provisions of the decree, and father agrees that they have proven "not workable" because mother has kept the child out of Oregon

Christmas, birthday and reasonable visitation by the respondent. The respondent shall have physical custody of the minor child during spring vacation and summer vacation periods, so long as petitioner resides in the State of Oregon. In the event petitioner leaves the State of Oregon, respondent shall have physical custody of the minor child during the school year and petitioner shall have physical custody of the minor child during spring and summer vacation periods, as outlined above.

"IT IF FURTHER ORDERED, ADJUDGED AND DECREED that neither party is to remove the minor child's residence from the State of Oregon without prior order of the court first being obtained after notice to the other party.

"V.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall support the minor child in full while the minor child is in that party's physical care, custody and control. In the event that either party has physical custody of the minor child for more than one-half the time in any given year, the other party shall contribute the sum of $100 per month for each full month in excess of such period of time the party has physical custody."

during the appeal.[2] He asks that we award him permanent custody, subject to mother's visitation rights, under the doctrine of *Meier and Meier,* 286 Or 437, 595 P2d 474 (1979). The trial court did not bar mother from removing the child from Oregon, and the *Meier* situation is not before us.

Although it is by no means clear what the legislature intended when it amended ORS 107.105(1) to permit courts to provide for custody "by one party or jointly," we have previously pointed out that unless both parties desire and consent to it, joint custody is not likely to be successful. *Handy and Handy,* 44 Or App 225, 229, 605 P2d 738 (1980). Mother's testimony at the hearing made it clear that her decision to move to Maryland was formed in large measure, if not solely, because father had effectively conveyed to her his rejection of the child with whom she was pregnant. To exercise discretion to decree "joint custody" of the three year old in that circumstance was quite unrealistic, for there was little or no likelihood of the parties' exercising the sort of simultaneous and continual sharing of rights and responsibilities implied by the term.

■ ■ Moreover, the effect of the decree was not to provide for anything more than an alternating physical custody arrangement of the sort we rejected in *Bohn and Bohn,* 43 Or App 561, 603 P2d 781 (1979). The difference here is that there is no evidence that the alternation back and forth across the country has had or would have any adverse effect on the child. Of course the alternation has never yet happened, and the fact that there were frequent changes of physical custody for a few months in the same town before the dissolution without deleterious effects demonstrates nothing at all. We are told (*Meier and Meier, supra* 286 Or at 446, quoting *Rea v. Rea,* 195 Or 252, 279, 245 P2d 884 (1952)) that we must presume that the trial

---

[2] This court granted a stay of the custody provisions pending the appeal, after the trial court had denied a stay.

court properly determined the best interests of a child in a custody dispute and that we must not lightly set that aside. Still, we do try the matter *de novo,* and in an instance where the trial court has created a situation that the parties, with justification, cannot or will not make work, it is our responsibility to settle the dispute according to our idea of a more practicable arrangement that is less likely to have long term adverse effects. Our objective is to provide a reasonable balance between the parents' respective desires to preserve and nurture a loving relationship with the child and the probable consequences of too frequent disruptions in the child's living arrangements.

■ Accordingly, the decree will be amended to give permanent custody to mother. Father shall be entitled to have the physical custody of the child for a 15-day period beginning December 20, 1980, and for eight weeks beginning June 15, 1980. Thereafter, father shall have physical custody for a 15-day period at Christmas in even-numbered years beginning not later than December 20 and for eight weeks beginning every June 15. The costs of transporting the child shall be shared equally between the parties. Paragraphs IV and V of the original decree are deleted *in toto.* We will remand for a determination of appropriate child support provisions.

■ At the time the decree was entered mother was pregnant. Father indicated doubts about his being the natural father and did not ask for custody of the child to be born. Custody was awarded to mother, and father was ordered to pay $100 per month child support after the birth of that child. The decree provided that father be responsible for payment of health insurance premiums and one-half of all medical expenses in excess of those covered under the health insurance policy for the three year old child only. Father was also ordered to designate only that child as beneficiary of his life insurance policy. Father concedes that those terms of the decree were contrary both to the father's

and the court's intention and agrees that the decree be modified in those respects to include both the three year old child and the child born since the dissolution.

Affirmed as modified and remanded. Costs to appellant.