Argued and submitted January 21, reversed and remanded with instructions May 11, reconsideration denied June 18, petition for review denied July 21, 1981 (291 Or 368)

In the Matter of the Marriage of

## CLEMENT,
*Appellant,*
*and*
## CLEMENT,
*Respondent.*

(No. 112,356, CA 18863)

627 P2d 1263

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Brown, Burt, Swanson & Lathen, Salem.

Dennis J. Graves, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Wife appeals from a decree awarding the parties joint custody of their five-year old daughter and requests that she be given sole custody and additional child support. Husband is agreeable to joint custody, but asks for sole custody if the decree is overturned in this regard.

It would serve no useful purpose to detail the background of the parties' marriage or to examine the alleged misconduct to which each points in attempting to discredit the other's fitness to raise the child. The trial court found, as do we, that both parents are fit and proper to raise their daughter and that the evidence of alleged misconduct on both sides was indicative of difficulties in making the marriage work and in adapting to the separation, rather than of some deficiencies in parenting skills.

The trial court attempted on two occasions to induce the parties to agree to some kind of joint custody arrangement.[1] During the period prior to the hearing, the parties had joint custody of their daughter with physical custody changing every two weeks. This posed no problems geographically since both husband and wife and their families lived in the Salem area. The child was cared for by her maternal great-grandmother regardless of who had custody during the hours when both parents worked, just as she had been during the marriage. Wife objected to joint custody, however, partly because of the animosity between the parties, but also because she noted confusion and rebelliousness in her daughter, which she attributed to the frequent changes of physical custody. The trial court awarded joint custody of the child, with physical custody to

---

[1] The court remarked:

"Mr. and Mrs. Clement, sometimes people amaze me. My job is to settle disputes and I have no hesitancy in carrying out my job. However, I sometimes think if two people of average intelligence, and you both look that way, would communicate with each other, would talk with each other, maybe a lot of these disputes such as you're asking me to settle, you could settle yourself. Now, frankly, if I were here in your spot I would much rather be able to settle my own disputes than to have someone who doesn't know a darn thing about me to say this is the way it's going to be. Why don't you people, I'm not saying that you shouldn't get divorced. I realize two people sometimes cannot live together; but you're asking me to make a decision on your most precious asset. Why don't you talk it over and see if you can't arrive at some solution to assist me. Thank you. Let's take ten."

alternate every four months, and ordered husband to pay $100 per month child support during the months in which he did not have physical custody.

■ ORS 107.105(1)(a) was amended in 1977 to permit joint custody in proper cases. We have previously expressed concern that joint custody, to be workable, depends on the constant cooperation of both parties and, where there is disagreement over the custody arrangement itself, such cooperation is unlikely with respect to other matters, and the resulting animosity is likely to have an adverse effect on the interests of the child. *See Murray and Musto,* 47 Or App 245, 249 614 P2d 132 (1980); *Handy and Handy,* 44 Or App 225, 229, 605 P2d 738 (1980). We conclude that joint custody is not feasible in this case. We are therefore faced with the difficulty of choosing between two equally suitable parents.

The only basis the record affords for making this decision is the testimony of the Family Court Services counselor who prepared a custody study for this proceeding. She was asked if one parent were more fit than the other and summarized her conclusions:

"I'm struggling with fit and proper because I think they are both fit and proper. But I did see a need that they not continue the conflict. There was a power struggle, and a decision needed to be made to pull the child out of the conflict which is very detrimental. So given that issue and trying to make a fine line decision between two adequate parents it was my feeling that [the wife] would really be the better choice because she did not exhibit rigidity and was more caring, and in sharing with [the husband] she was the one who tried to see what she could do to make the changes rather than [the husband]."

She also mentioned the need of a five-year old girl to have a mother available as a role model. She based her conclusions on interviews with each party, observations of them with their daughter and interviews with friends and relatives of each. She did not observe husband alone with the child (as she had the wife), but we do not think that detracts from the validity of her conclusion because it turns, not on husband's ability to care for the child (which was amply confirmed by other evidence in the record), but on the animosity between and personalities of the parties themselves. She had an adequate oppportunity to observe this

situation without the necessity of a separate interview with father and daughter. We note also that the child has spent a great deal of time with her grandmother who is wife's mother while the parents were working, and it is desirable to continue that relationship. ORS 107.137(1)(a).

■ We conclude that wife shall have legal custody of the child, subject to visitation rights of husband.

Wife also requests additional child support. In *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), our Supreme Court prescribed a formula for determining the amount of child support payable in a given situation. We therefore remand the case for determination of the amount of child support under *Smith* and for fixing the visitation rights of husband. The decree will be modified accordingly.

Reversed and remanded with instructions. No costs to either party.