Argued and submitted July 10, reversed and remanded
for further proceedings December 1, 1981

In the Matter of the Marriage of

CHRISTIE,
*Appellant,*
*and*
CHRISTIE,
*Respondent.*

(No. D14-159, CA 19610)

636 P2d 1022

Ralph Bolliger, Portland, argued the cause for appellant. With him on the brief were Lewis B. Hampton, and Bolliger, Hampton & Tarlow, P.C., Portland.

Mervin W. Brink, Hillsboro, argued the cause for respondent. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

WARREN, J.

## WARREN, J.

Mother appeals from an order denying her motion for modification of a decree of dissolution to change custody of the parties' three-year-old son from father to her.

Father has had custody of the child since entry of the decree of dissolution on March 18, 1980. On June 16, 1980, mother sought modification on the grounds that she was the child's primary parent and that the child was unable to adjust to living with father and was suffering severe adverse psychological effects due to the separation from mother. Testimony of a psychiatrist was presented in support of these allegations to the effect that the child's inability to adjust to separation from his mother was more severe than ordinarily foreseeable from the disruption of the child's homelife and could lead to permanent psychological injury to the child. At the close of mother's case, the trial court granted father's motion to dismiss on the ground that mother had failed to show a substantial change of circumstances which would justify modification of the decree.[1] The trial court stated that it could not consider the evidence on the best interest of the child unless it first found a change in the circumstances of the parties. It is true that there was no evidence that since the decree there had been a substantial change in the circumstances of either parent.

In *Bohn and Bohn,* 43 Or App 561, 603 P2d 781 (1979), this court wrote:

"We have often reiterated the principle that a substantial change of circumstances is necessary in order to modify a decree. However, in situations involving custody of a child the overriding concern is the welfare of the child. If the child custody arrangement is detrimental to the child and the harm in maintaining the status quo is greater than that attendant upon a change of custody, the arrangement ought to be modified. In that instance the unanticipated

---

[1] At first glance this case appears to be subject to our ruling in *Castro and Castro,* 51 Or App 707, 626 P2d 950 (1981), that a trial court should hear both sides of a controversy in domestic relations cases before passing on a motion to dismiss; however, review of the record reveals that part of father's case was heard, as he presented witnesses out of order; therefore, our holding in *Castro* does not directly apply here.

harm to the child in the custody arrangement is a sufficient change of circumstances to justify modification."

Whether the unanticipated harm to the child arising from the custodial arrangement was itself a sufficient change of circumstance to trigger the second inquiry as to the child's best interest, was not considered by the trial court. We therefore remand the case for reconsideration.[2]

Reversed and remanded for further proceedings. Costs to appellant.

_____

[2] Because the motion for change of custody was made a short time after the decree, repetition of the *caveat* in *Atkinson and Atkinson,* 38 Or App 375, 378, 590 P2d 279, *rev den* 286 Or 1 (1979), is appropriate:

" * * * When a motion for change of custody is made a short time after the last custody decision and expiration of the time for appeal the asserted change of circumstances and detriment to the child must be more closely scrutinized by the court. Frequent litigation of the child custody issue with the attendant opportunity of the child to manipulate his parents tends to destroy the stability a child needs for adjustment to the traumatic events of dissolution and creation of a new family situation. Both parents ought to put their personal desires aside and allow the child sufficient time to make the necessary adjustments consistent with the abilities of the child to adjust."