David G. SMITH, Appellant,

v.

Susan P. SMITH, Appellee.

No. 7092.

Supreme Court of Alaska.

Dec. 9, 1983.

Kenneth P. Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellant.

Harold Green, Anchorage, for appellee.

Before BURKE, C.J., RABINOWITZ, MATTHEWS, and COMPTON, JJ., and SERDAHELY, Judge.*

## OPINION

RABINOWITZ, Justice.

David Smith appeals from three parts of a divorce decree. We affirm the superior court's division of marital property and its decision to award custody of the Smith's child to Susan Smith. With respect to the superior court's award of child support, we reverse and remand for further proceedings.

### I.

■ At the time of their divorce, the Smiths owned almost $200,000 in property, including an Anchorage house, California real estate, a boat, a motor home, stocks, bonds, jewelry, furs, crystal and silver. Our review of the record leads us to the conclusion that appellant David Smith has failed to show that the superior court's property division was clearly unjust.[1]

---

* Serdahely, Superior Court Judge, sitting by assignment made pursuant to Article IV, section 16, of the Constitution of Alaska.

1. *Wanberg v. Wanberg,* 664 P.2d 568 (Alaska 1983). *See also Rosson v. Rosson,* 635 P.2d 469, 471 (Alaska 1981); *Hinchey v. Hinchey,* 625 P.2d 297, 304 (Alaska 1981); *Malone v.* *Malone,* 587 P.2d 1167, (Alaska 1978); *Bailey v. Bailey,* 567 P.2d 315, 316 n. 1 (Alaska 1977); *Hager v. Hager,* 553 P.2d 919, 924 (Alaska 1976); *Courtney v. Courtney,* 542 P.2d 164, 169 (Alaska 1975); *Burrell v. Burrell,* 537 P.2d 1, 4 (Alaska 1975); *Vanover v. Vanover,* 496 P.2d

## II.

The superior court did not err in failing to award David Smith joint legal custody of his son Matthew. Our task in reviewing a custody ruling is to determine whether the superior court's ruling constituted an abuse of discretion. Its findings may be reversed only if clearly erroneous. *Sheridan v. Sheridan,* 466 P.2d 821, 824 (Alaska 1970). The superior court's rejection of joint legal custody was based on a finding that the parties would not be able to cooperate in making decisions regarding their minor child. This finding is not clearly erroneous and, in turn, furnishes a sufficient basis in law for the superior court's custody ruling.[2]

## III.

The superior court awarded $400 per month child support, automatically increasing on August 1, 1987, to $500 per month. We will not set aside a child support award unless we are left with a definite and firm conviction on the whole record that the judge made a mistake.[3] Here, however, the trial court awarded Susan Smith more than she had asked for and more than its own findings of fact support. Throughout the trial, Susan Smith argued that $350 per month child support was adequate, while David Smith maintained that it was excessive. Nothing in the record before us explains the award the superior court eventually made, and although the superior court has broad equitable powers and need not limit itself to claims advanced by the parties,[4] any departure from these claims deserves explanation. We therefore remand for a hearing on the amount of child support David Smith should be required to pay.

644, 645 (Alaska 1972); *Crume v. Crume,* 378 P.2d 183, 186 (Alaska 1963).

2. *Beck v. Beck,* 86 N.J. 480, 432 A.2d 63, 67 (1981). *See also Clement v. Clement,* 52 Or. App. 101, 627 P.2d 1263, 1265 (1981).

3. *Houger v. Houger,* 449 P.2d 766, 771 (Alaska 1969); *accord Headlough v. Headlough,* 639 P.2d 1010, 1012 (Alaska 1982).

AFFIRMED in part, REVERSED in part, and REMANDED.

MOORE, J., not participating.

4. If a custodial parent asks for an inadequate amount of support, the court should correct the parent's error. *See* Clark, The Law of Domestic Relations § 15.1 at 489 (court may award child support even though custodial parent has not demanded it).