*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| FRANK GRISWOLD, ) | |
| ) | Supreme Court No. S-17669 |
| Appellant, ) | |
| ) | Superior Court No. 3HO-18-00240 CI |
| v. ) | |
| ) | O P I N I O N |
| HOMER ADVISORY PLANNING ) | |
| COMMISSION, DEREK ) | No. 7515 – April 9, 2021 |
| REYNOLDS, CATRIONA ) | |
| REYNOLDS, and RICK ABBOUD, ) | |
| ) | |
| Appellees. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Homer, Lance Joanis, Judge.

Appearances: Frank Griswold, pro se, Homer, Appellant. Michael R. Gatti and Max D. Holmquist, Jermain Dunnagan & Owens, P.C., Anchorage, for Appellees Homer Advisory Planning Commission and Rick Abboud. No appearance by Appellees Derek Reynolds and Catriona Reynolds.

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

BOLGER, Chief Justice.

## I.     INTRODUCTION

Homer's Advisory Planning Commission (the Commission) approved a conditional use permit for the owners of a bicycle shop seeking to expand their entryway

and install a covered porch.  This permit allowed the owners to extend the covered area up to 8 feet into the 20-foot setback at the front of the business.  An objecting Homer resident appeals from the superior court's decision affirming the permit approval, raising numerous procedural, legal, and factual issues.  His main contentions can be grouped into five general categories:  (1) the Commission should have used a variance and not a conditional use permit; (2) the approval process violated various constitutional rights; (3) the Commission erred in its findings supporting the project; (4) the City Planner's participation in the appeal was inappropriate; and (5) the judge was biased against him.  None of his arguments has merit.

We conclude that the Homer City Council, in an appropriate use of its legislative discretion, has chosen the conditional permitted use process to grant certain setback reductions.  The Commission's approval process and findings complied with applicable city code requirements and adequately protected the objecting resident's rights.  The City Planner's participation in the appeals process was appropriate, and the judge displayed no disqualifying bias.  We therefore affirm the superior court's decision upholding the Commission's approval of the conditional use permit.

## II.    FACTS AND PROCEDURAL HISTORY

### A.    The Conditional Use Permit Application

Derek and Catriona Reynolds purchased property on Pioneer Avenue in Homer's central business district to relocate their business offering bicycle sales, repairs, rentals, and tours.  As part of the Reynoldses' remodeling plans, they applied for a conditional use permit to extend the existing entryway by six feet and construct a covered porch along the shopfront.  This would give them space to store rental bicycles and re-orient the entryway to face Pioneer Avenue.

The existing 8-foot-wide entrance already encroached a few feet into the 20-foot setback required in the central business district.  The proposed construction

would increase that encroachment to a total 8 feet by 8 feet. The proposed porch roof would encroach up to 3 feet into the setback along the rest of the storefront. At least 12 feet of open grass would remain between the building and the sidewalk.

The Reynoldses' permit application noted that the "property has been vacant and neglected for at least 5 years" and "that any improvement to what was a derelict property will cause adjoining property values to increase," cited support of nearby residents, and stated that the project would boost "revitalization and beautification efforts." The application explained that their business would further Homer's Comprehensive Plan to "invest in more fuel-efficient forms of transportation such as pedestrian and bicycle alternatives." It also included various photographs, surveys of the property, and drawings with the dimensions of the proposal from multiple angles. The Reynoldses noted that the Homer City Code (Code) requires buildings to "be set back 20 feet from all dedicated rights-of-way, except as allowed by subsection (b)(4) of this section."[1] Subsection (b)(4) provides: "If approved by a conditional use permit, the setback from a dedicated right-of-way, except from the Sterling Highway or Lake Street, may be reduced."[2] They therefore sought a conditional use permit for their new entryway.

### B. The Staff Report And Public Hearing

The City Planning Department prepared a staff report analyzing the application under the conditional use permit review criteria.[3] The report found that the proposal would not unduly harm property values; be "compatible with existing uses of surrounding land"; "not cause undue harmful effect upon desirable neighborhood

---

[1]     HCC 21.18.040(b)(1) (2020).

[2]     HCC 21.18.040(b)(4).

[3]     HCC 21.71.030.

character"; and "be in harmony with other facades along Pioneer Avenue." The report found no evidence that the permit was contrary to the applicable goals and objectives of the Comprehensive Plan, and it concluded that the proposal would comply with the applicable Community Design Manual provisions. Noting that the proposal did not include lighting, the report suggested adding a condition that any outdoor lighting must follow the Community Design Manual guidelines. It concluded with a recommendation that the Commission approve the conditional use permit.

The Commission notified local property owners of the proposal. Frank Griswold expressed the only opposition to the project, contending the setback reduction was not a "use" in HCC 21.03.040 and arguing: "The Commission does not have legal authority to apply HCC 21.18.040(b)(4) to this application." He later insisted that the proposal must be analyzed as a request for a variance and noted that a setback reduction might "hamper snow removal operations and affect drainage." Griswold did not identify any more specific issues with the proposal, nor did he attend the public hearing on the application.

At the public hearing, City Planner Rick Abboud presented the Department's staff report recommending that the permit be approved. He testified that his initial concerns about line-of-sight issues for pedestrians and traffic had been allayed after visiting the property. Abboud also addressed the concerns Griswold had raised, but noted that Griswold had provided no specifics on how the proposal might hamper snow removal or drainage. At the end of Abboud's testimony, he recommended an additional finding: "[T]he proposed activity will enhance the aesthetic environment of the community, providing gracious human scale entry ways and public ways, orienting the entry way toward the street."

The Reynoldses then spoke about the community benefits of their bicycle store, as did several Homer residents supporting the proposal. The Commission voted

unanimously to approve the conditional use permit application based on the findings recommended by the staff report. The Commission issued a written decision approving the permit, adopting all proposed findings, and addressing all HCC 21.71.020 criteria. The decision mentioned Griswold's concerns about drainage and snow removal but noted that it was unclear exactly how the proposal would exacerbate these issues.

### C.    Griswold's Appeals

Griswold appealed the permit approval to the Office of Administrative Hearings,[4] which then considered his arguments on 19 legal, procedural, and factual issues. He also questioned Abboud's participation as a party to the appeal. The administrative law judge interpreted this as a motion to "dismiss [Abboud] as a party," which the judge denied.

The administrative law judge affirmed the Commission's grant of the conditional use permit. The judge's decision noted that several of Griswold's claims were based on the premise that a structure extending into a designated setback requires a variance. But because the Code specifically provides that setback reductions are granted by conditional use permit, the judge rejected these claims.[5] On the merits, the judge determined that the conditional use permit application provided "sufficient evidence to evaluate a simple request" and that the Commission had sufficiently addressed Griswold's concerns. The judge rejected Griswold's complaint that certain municipal code requirements had been omitted from the permit, reasoning that the Commission need not reiterate provisions which already applied to the project.

---

[4]    Griswold requested that the appeal not be heard by the Homer Board of Adjustment; as authorized by HCC 21.93.030, the City Manager appointed an administrative law judge to hear the case.

[5]    HCC 21.18.040(b)(1).

Griswold then appealed to the superior court, raising essentially the same issues. The court determined that the Commission had authority to consider and grant the Reynoldses' application, as "Alaska state laws allow municipalities to adopt code that includes mechanisms for making setback reductions like the one contemplated [here] in conditional use permit 18-02, and the Homer City Code allows setback reductions to be sought via the conditional use permit process." The court found that the Commission's factual findings were supported by substantial evidence. Finally, the court determined that Abboud's participation in the appeals process was expressly permitted by Code and rejected Griswold's objection on that issue.[6] The court thus affirmed the administrative law judge's decision and the Commission's grant of the conditional use permit.

Griswold moved for reconsideration. In addition to his earlier arguments, Griswold claimed that the superior court judge had shown a "disqualifying bias" against him by speculating that the litigation was the result of "some old grudge," and he requested the judge's recusal. The court denied Griswold's motion for reconsideration and denied the request for disqualification.

Griswold now appeals the superior court's decision.

## III.   STANDARD OF REVIEW

"When the superior court acts as an intermediate court of appeal in administrative cases, we examine the merits of the agency's decision directly."[7] In such reviews, we apply "the 'substantial evidence test' [to] questions of fact" and "the

---

[6]     *See* HCC 21.93.060, 21.93.500, 21.93.530(a), 21.93.540(b).

[7]     *Rubey v. Alaska Comm'n on Postsecondary Educ.*, 217 P.3d 413, 415 (Alaska 2009).

'reasonable basis test' . . . to questions of law involving agency expertise."[8] Zoning boards "receive deference equal to that accorded to an administrative agency"; their "interpretations of zoning ordinances 'should be given great weight and . . . accepted whenever there is a reasonable basis for the meaning given by the board.' "[9] We apply our independent judgment to questions of constitutional law[10] and review a judge's decision on a motion to disqualify for abuse of discretion.[11]

## IV. DISCUSSION

### A. The Commission Had Authority To Grant A Setback Reduction With A Conditional Use Permit Rather Than A Variance.

Many of Griswold's claims rely on the premise that a setback reduction always requires a variance rather than a conditional use permit. He asserts that the Commission's use of the conditional use permit process violated state law; that a setback reduction cannot be a "use" as defined in the Code; that the Commission must therefore have granted a de facto variance; and that its decision constituted illegal spot zoning. These arguments all fail.

Griswold's arguments ignore the broad authority Alaska law grants local governments. The Homer City Council properly exercised its legislative discretion by allowing for setback reductions in the central business district through conditional use

---

[8] *Id.* (quoting *Jager v. State*, 537 P.2d 1100, 1107 n.23 (Alaska 1975)).

[9] *Griswold v. City of Homer*, 55 P.3d 64, 67-68 (Alaska 2002) (quoting *S. Anchorage Concerned Coal., Inc. v. Coffey*, 862 P.2d 168, 173 (Alaska 1993)).

[10] *Fantasies on 5th Ave., LLC v. Alcoholic Beverage Control Bd.*, 446 P.3d 360, 367 (Alaska 2019).

[11] *Wasserman v. Bartholomew*, 38 P.3d 1162, 1170 (Alaska 2002); *see also Timothy W. v. Julia M.*, 403 P.3d 1095, 1100 (Alaska 2017) (reviewing decision on motion to recuse for abuse of discretion).

permits rather than variances.[12]  The Commission properly applied the requirements for a conditional use permit to the Reynoldses' application.  We therefore affirm the superior court's decision upholding the Commission's grant of the conditional use permit.

### 1. The City of Homer properly exercised its legislative discretion in permitting setback reductions via conditional use permitting.

The Alaska Constitution and state law grant municipalities broad authority to legislate in the public interest, and we accordingly give a liberal construction to the powers of local government.[13]  Borough assemblies have authority to enact "(1) zoning regulations restricting the use of land and improvements by geographic districts; (2) land use permit requirements designed to encourage or discourage specified uses and construction of specified structures . . . [and] (3) measures to further the goals and objectives of the comprehensive plan."[14]

An assembly may provide for variances from these land use regulations unless "(1) special conditions that require the variance are caused by the person seeking the variance; (2) the variance will permit a land use in a district in which that use is prohibited; or (3) the variance is sought solely to relieve pecuniary hardship or inconvenience."[15]

---

[12]   HCC 21.18.040(b).

[13]   Alaska Const. art. X, § 1; AS 29.35.400-.420; *see also Interior Cabaret, Hotel, Rest. & Retailers Ass'n v. Fairbanks N. Star Borough*, 135 P.3d 1000, 1008 (Alaska 2006); *Liberati v. Bristol Bay Borough*, 584 P.2d 1115, 1122 (Alaska 1978) (extending liberal construction of local powers to general as well as home-rule municipalities).

[14]   AS 29.40.040(a).

[15]   AS 29.40.040(b).

The Kenai Peninsula Borough Assembly has delegated its land use authority to the Homer City Council for areas within the City.[16] Using this authority, the Council has adopted a system of zoning districts in which certain uses and structures are permitted outright and others may be permitted subject to the grant of a conditional use permit.[17] In the Homer central business district, buildings are generally required to "be set back 20 feet from all dedicated rights-of-way."[18] But the Code allows this setback to be reduced "[i]f approved by a conditional use permit."[19]

Griswold argues that the Homer City Council was required to follow the variance procedure to reduce the setback requirement rather than the conditional use permit procedure. But this result would require us to read the zoning statute narrowly. Under the liberal construction that we give to statutory grants of municipal power, analyzing setback reduction requests through the conditional use permit process is well within the municipality's authority to adopt "land use permit requirements designed to encourage or discourage . . . construction of specified structures."[20] We decline to imply limitations on the City's powers where none exist.[21]

---

[16]    Kenai Peninsula Borough Code of Ordinances 21.01.020; *see also Griswold v. City of Homer*, 925 P.2d 1015, 1017 (Alaska 1996).

[17]    HCC 21.10.010 - .34.050.

[18]    HCC 21.18.040(b)(1).

[19]    HCC 21.18.040(b)(4).

[20]    AS 29.40.040(a)(2).

[21]    *See Liberati v. Bristol Bay Borough*, 584 P.2d 1115, 1120-21 (Alaska 1978).

## 2. The Commission properly applied the Homer City Code by approving the setback reduction as a conditional use permit.

Griswold objects that expanding an existing building into a setback does not fit the definition of "use" in HCC 21.03.040. This argument ignores more specific provisions directly addressing setback reductions in the central business district.

We interpret statutes in such a way as to reconcile conflict and produce a harmonious whole.[22] If two provisions conflict, "the later in time controls over the earlier, and the specific controls over the general."[23] Although HCC 21.03.040 provides a general definition of "use," HCC 21.18.040(b)(4) is specific in its allowance for setback reductions via conditional use permit. The Commission correctly applied the specific provision to grant the Reynoldses' permit.

The Code defines "use" as "the purpose for which land or a structure is occupied, arranged, designed or intended, or for which either land or a structure is or may be occupied or maintained."[24] Griswold argues that the bicycle store is the "permitted use," that a setback reduction "is clearly not a use," and that regardless of other code provisions a conditional use permit may be issued only for a "use" as defined by HCC 21.03.040.

But as the Commission points out, the Reynoldses applied to change their "use" of a portion of the setback: They sought to extend their business and retail activities into it. Using a setback for this purpose is a conditional use within the central

---

[22] *Allen v. Alaska Oil & Gas Conservation Comm'n*, 147 P.3d 664, 668 (Alaska 2006).

[23] *Id.*

[24] HCC 21.03.040.

business district. The setback reduction therefore constituted a "use" as defined by the Code.

Even if this were not so, the Code expressly allows the Commission to grant setback reductions in the central business district as conditional use permits. There is no indication that this provision should be limited by the definition of "use" found elsewhere in the Code. And to the extent the provisions conflict, the more specific HCC 21.18.040(b)(4) controls.[25]

The Code explicitly allows the Commission to approve setback reductions on Pioneer Avenue via conditional use permits.[26] And the Commission followed the procedural requirements and considered the applicable factors listed in HCC 21.71 for conditional use permits. Griswold's arguments that the setback reduction required a variance are without merit.

## B. Griswold's Constitutional Rights Were Not Violated.

Griswold alludes to various constitutional provisions allegedly violated by the conditional use permit approval process. He claims procedural and substantive due process violations, suggests the setback reduction violates a fundamental right to privacy, and asserts that allowing setback reductions for most, but not all, of the central business district violates equal protection. But Griswold's claims are inadequately briefed: He neither cites case law nor explains how the facts support his constitutional arguments.

---

[25] *See Allen*, 147 P.3d at 668.

[26] HCC 21.18.040(b)(4).

Because Griswold failed to adequately brief his constitutional arguments, they are waived.[27]

## C. Substantial Evidence Supports The Commission's Findings.

In addition to Griswold's legal and constitutional claims, he contests the Commission's fact finding. He criticizes the Reynoldses' application for containing insufficient data and insists the Commission erred by considering the effects of the entire proposal rather than the specific impacts of the proposed setback reduction.

Zoning board decisions are generally accorded a presumption of validity.[28] We are required to sustain the Commission's findings if they are supported by substantial evidence.[29] "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "[30]

The Reynoldses adequately responded to each question in the conditional use permit application, focusing on how the entire project fit into the central business district. They explained how their business and planned renovations would fit in with

---

[27] *See Casciola v. F.S. Air Serv., Inc.*, 120 P.3d 1059, 1062-63 (Alaska 2005) ("We do not consider arguments that are inadequately briefed. . . . We apply a more lenient standard to pro se litigants. . . . Even a pro se litigant, however, must cite authority and provide a legal theory." (emphasis omitted) (citing *Peterson v. Ek*, 93 P.3d 458, 464 n.9 (Alaska 2004))); *Adamson v. Univ. of Alaska*, 819 P.2d 886, 889 n.3 (Alaska 1991) ("[W]here a point is given only a cursory statement in the argument portion of a brief, the point will not be considered on appeal.").

[28] *S. Anchorage Concerned Coal., Inc. v. Coffey*, 862 P.2d 168, 173 (Alaska 1993).

[29] *Id.*; *see also Griswold v. City of Homer*, 55 P.3d 64, 67 (Alaska 2002) ("Judicial review of zoning board decisions is narrow, and board decisions are accorded a presumption of validity.").

[30] *DeYonge v. NANA/Marriott*, 1 P.3d 90, 94 (Alaska 2000) (quoting *Miller v. ITT Arctic Servs.*, 577 P.2d 1044, 1046 (Alaska 1978)).

the surrounding neighborhood and conform with the goals of the Comprehensive Plan. They included photographs, surveys, and drawings of the proposed covered area and entryway, indicating the scale of the proposal and the intrusion into the setback. The information the Reynoldses provided in their application was appropriate for the modest accommodation they sought.

The City Planning Department's staff report analyzed the Reynoldses' proposal under each of the requirements laid out in the Code and applicable provisions of the Community Design Manual. The Commission considered the staff report and found that the permit application complied with each requirement.[31] In further support of this finding, the Commission heard testimony from Abboud, the Reynoldses, and supportive neighbors who testified that the proposal would enhance the aesthetics of the central business district by providing just the sort of "pedestrian-friendly design and amenities" encouraged in the neighborhood.[32]

Griswold suggests the Commission should have considered the setback reduction in isolation rather than the business as a whole, but the conditional use permit criteria indicate that the entire proposal should be considered in context.[33] In light of the entire record, including the detailed staff report, support of Abboud, and testimony from neighboring business owners, there was substantial evidence to support the Commission's findings that the permit application complied with all applicable requirements.

---

[31]    *See* HCC 21.71.030.

[32]    HCC 21.18.10.

[33]    *See* HCC 21.71.030.

**D. The Commission Did Not Err By Omitting The Screening And Fire Marshal Conditions From The Conditional Use Permit.**

Griswold claims the Commission erred in omitting a Code provision limiting unscreened, outdoor display of the bicycles to business hours.[34]   But the screening requirement is applicable to all residents, and the Reynoldses would be required to follow it whether or not the permit was granted.  The Commission made findings on all factors required to grant the conditional use permit; it was not obligated to repeat all other applicable code provisions.

Similarly, Griswold argues the Commission erred in not including fire marshal certification as a condition of approval.  As he did not raise this claim before the superior court, the issue is waived.  In any case, the project will require fire marshal certification as a matter of state law, independent of the conditional use permit process.[35] The Commission did not err by omitting these generally applicable requirements from the permit conditions.

**E. It Was Appropriate For The City Planner To Submit A Brief And Participate In The Appeal Proceedings.**

Griswold argues that City Planner Abboud was "never a legitimate party to the appeal."  Griswold also claims that, as Abboud does not have a law license, his participation constituted an unauthorized practice of law.  But the Code explicitly allows the City Planner to participate in the appeals process.

Pursuant to the Code, the City Planner may be a party to an appeal to the Office of Administrative Hearings if he or she "actively and substantively participated

---

[34]   HCC 21.18.080(b).

[35]   *See* 13 Alaska Administrative Code 50.027(a) (2020).

in the matter before the Commission."[36]  Each party may submit a written brief and present oral argument, as Abboud did.[37]  His participation was therefore entirely appropriate under the Code.  And because Abboud never claimed to be an attorney, he did not practice law without a license.[38]

### F.    The Superior Court Judge Did Not Have A Disqualifying Bias.

In Griswold's motion for reconsideration, he alleged that "recusal of the adjudicator would be appropriate" on the grounds that the superior court judge was biased against him.  Griswold's motion was based on a comment in the judge's written decision:

> After reading through this two-inch high file . . . , the court is left with the numb feeling that some old grudge is actually behind this litigation.  Although there are generalized issues raised, the court sees no genuine issue that Mr. Griswold has with this particular bicycle shop's awning; the attack is on the City of Homer.

The superior court denied the motion for recusal, correctly noting that a judge may form "an opinion relative to the parties involved" without developing an improper bias.[39]

Alaska Statute 22.20.020(a)(9) requires disqualification of a judge if "the judicial officer feels that, for any reason, a fair and impartial decision cannot be given." A judge must also self-disqualify from any proceeding in which that judge's impartiality

---

[36]    HCC 21.93.060(b), 21.93.500.

[37]    HCC 21.93.530(a), 21.93.540(b).

[38]    Alaska Bar R. 63(a); AS 08.08.230.

[39]    *Vickers v. State*, 175 P.3d 1280 (Alaska App. 2008) (quoting *Pride v. Harris*, 882 P.2d 381, 385 (Alaska 1994)).

might reasonably be questioned, even if no actual bias exists.[40] Courts have found disqualifying bias if a judge expresses "an opinion that derives from an extrajudicial source" or "reveal[s] such a high degree of favoritism or antagonism as to make fair judgment impossible."[41]

As we explained in *Hanson v. Hanson,* however*,* "a judge is not disqualified if the judge's 'knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings.' "[42] It is rare for a judge's comments, even when "critical or disapproving of, or even hostile to" a party, to rise to the level of disqualifying bias.[43] We did not find disqualifying bias in *Hanson* after the judge commented that the plaintiff "really hate[s] women," as we noted that the judge's "comments were the result of opinions and attitudes formed in court" rather than animosity or extrajudicial information.[44]

Here the judge's comments reflect opinions that might reasonably be formed in court and indicate no disqualifying bias. The record shows that Griswold raised general issues without explaining how the Reynoldses' permit harmed him, neighboring businesses, or the community of Homer. Given the disproportionate amount of time and energy spent on this litigation, the judge could have reasonably inferred that Griswold had other motivations for his repeated appeals.

---

[40] *See Amidon v. State*, 604 P.2d 575, 578 (Alaska 1979); *see also* Alaska Code of Judicial Conduct Canon 3(B)(5), 3(E)(1)(a).

[41] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[42] 36 P.3d 1181, 1184 (Alaska 2001) (quoting *Liteky*, 510 U.S. at 551).

[43] *Id.* (quoting *Liteky*, 510 U.S. at 555).

[44] *Hanson*, 36 P.3d at 1186 (alteration in original).

A judge has the discretion to decide whether to disqualify him or herself from a case; we afford that decision substantial weight and we will reverse only if it was an abuse of discretion.[45] Nothing in the record suggests that the superior court judge was actually biased against Griswold. Denying Griswold's request for disqualification was not an abuse of discretion.

## V. CONCLUSION

We AFFIRM the superior court's decision affirming the Homer Advisory Planning Commission's decision.

---

[45] *Amidon*, 604 P.2d at 577.