NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| BRITTNEY M., | ) | |
| | ) | Supreme Court No. S-18988 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-17-01704 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ANDREW J., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 2092 – May 21, 2025 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, John C. Cagle, Judge.

Appearances: Brittney M., pro se, Palmer, Appellant. Notice of nonparticipation filed by Ann L. DeArmond, Sterling & DeArmond, P.C., Wasilla, for Appellee.

Before: Carney, Borghesan, Henderson, and Pate, Justices. [Maassen, Chief Justice, not participating.]

## I.    INTRODUCTION

The superior court modified child custody and awarded a father sole legal and primary physical custody of two children. The mother appeals, arguing that the court abused its discretion. Because the court did not abuse its discretion, we affirm its custody award.

---

\*    Entered under Alaska Appellate Rule 214.

## II. FACTS AND PROCEEDINGS

Brittney M. and Andrew J.[1] were married and have two daughters. They have had several custody arrangements since their divorce in 2017. Each of them subsequently remarried. Beginning in December 2019, they shared joint legal custody and split physical custody on a 65/35 basis. The children spent weekdays with Brittney and three weekends each month with Andrew during the school year.

In August 2022, Brittney's then-husband assaulted her. He was arrested and charged with the assault. Brittney's petition for a long-term protective order against him was granted; she filed for divorce soon afterward.

In February 2023, Andrew moved to modify custody, seeking primary physical custody and sole legal custody of the girls. He asserted that Brittney was not taking them to school and that the older daughter had missed 28 days of school and the younger daughter 41 days that school year. He also claimed that Brittney was cultivating an inappropriate relationship with the older daughter and alienating her from him and his wife. Brittney opposed his motion. She argued that there had not been a substantial change in circumstances. She claimed that the school absences were due to a bus driver strike and that she "did facilitate" distance learning at that time. But she acknowledged that many of her text exchanges with the older daughter were inappropriate and said that she understood she needed to "make changes."

While the modification motion was pending, Andrew filed a motion to require Brittney to submit to a drug test. He alleged that Brittney was using "cocaine or some similar hard drugs," relying on text messages sent to him by her ex-husband. Brittney denied she was abusing drugs and disputed that the text messages were

---

[1]    We use the parties' initials to protect their privacy.

authentic. She said that she had been taking Vivitrol for almost five months.[2] The superior court ordered her to complete a drug test.

After a three-day hearing in August and September 2023, the court granted Andrew's motion to modify. It found that there were "multiple" changes in circumstances warranting modification, the "most significant[]" of which was "the children's lackluster educational attendance and performance, which is most attributable to [Brittney]." In its best interests analysis, the court first considered the children's needs and each parent's ability to meet those needs.[3] It found that the children had "quite a few" absences from school and incomplete grades in several classes. The court also found that Brittney's communication with the children was "highly inappropriate" and that she disparaged Andrew and his wife to the older daughter. The court noted that although Brittney had initiated counseling for both girls, it had been terminated because they missed several appointments "during the weeks they were with [Brittney]."

The court observed that the love and affection between the girls and both parents was "significant"[4] and that neither parent communicated appropriately with the other about the girls.[5] And it acknowledged that Brittney had been the victim of

---

[2] Vivitrol is an injectable, long-lasting drug that helps treat alcohol and drug abuse. Center for Substance Abuse Treatment, *Incorporating Alcohol Pharmacotherapies Into Medical Practice*, 49 TREATMENT IMPROVEMENT PROTOCOL 1, 37 (2009), https://www.ncbi.nlm.nih.gov/books/NBK64031/.

[3] Alaska Statute 25.24.150(c) lists nine factors the superior court must consider in determining custody. *See* AS 25.24.150(c)(1)-(2) (child's physical, emotional, mental, religious, and social needs and each parent's capability and desire to meet them).

[4] *See* AS 25.24.150(c)(4) ("love and affection" between parent and child).

[5] *See* AS 25.24.150(c)(6) (parent's "willingness and ability" to encourage relationship between child and other parent).

domestic violence,[6] but found that it "should no longer be an issue" because she had obtained a domestic violence protective order against her husband and criminal charges had been filed.

The court then considered whether substance abuse was an issue in Brittney's or Andrew's homes.[7] It found that Brittney had "started taking Vivitrol in February." And it observed that although she denied abusing alcohol, her denial "begs the question as to why she needed the Vivitrol in the first place."

In addition to the statutory best interest factors, the court considered other pertinent factors.[8] It found that Brittney and Andrew "are ineffective at co-parenting" and that they disagreed about schooling. It noted that Andrew had enrolled the girls in the same schools they had previously attended without consulting with Brittney, even though she disagreed. And it found that Brittney's preference for home school "ignores the fact that she cannot even support the children in their education currently as reflected in their attendance and grades."

The court therefore concluded that it was in the girls' best interests to award Andrew sole legal and primary physical custody "to ensure that they are regularly attending school, completing assignments, and attending counseling sessions as necessary." It also ordered Brittney to obtain a new substance abuse assessment.

Brittney appeals the custody modification.

---

[6] *See* AS 25.24.150(c)(7) (domestic violence in proposed custodial household or between parents).

[7] *See* AS 25.24.150(c)(8) (substance abuse by parent and effect on child's physical or emotional well-being).

[8] *See* AS 25.24.150(c)(9) (other factors court considers pertinent).

## III.  STANDARD OF REVIEW

Trial courts have "broad discretion" to decide child custody issues.[9]  We will set aside a custody modification "only if the entire record demonstrates that the controlling findings of fact are clearly erroneous or that the trial court abused its discretion."[10]  "A factual finding is clearly erroneous when a review of the record leaves the court with a definite and firm conviction that the superior court has made a mistake."[11]  And a court has abused its discretion if it "considered improper factors in making its custody determination, failed to consider statutorily mandated factors, or assigned disproportionate weight to particular factors while ignoring others."[12]

## IV.  DISCUSSION

To modify child custody, a superior court must first find that a substantial change of circumstances affecting a child's welfare has occurred.[13]  If so, the moving parent is entitled to an evidentiary hearing to determine whether modification is in the child's best interests.[14]  The court must consider the factors listed in AS 25.24.150(c) when it makes that determination.[15]  But the court is not required to make findings about each factor, only those "that it considers actually relevant in light of the evidence presented in the case before it."[16]

---

[9]    *Limeres v. Limeres*, 320 P.3d 291, 295 (Alaska 2014).

[10]    *Moeller-Prokosch v. Prokosch*, 99 P.3d 531, 534 (Alaska 2004) (quoting *Hamilton v. Hamilton*, 42 P.3d 1107, 1111 (Alaska 2002)).

[11]    *Caroline J. v. Theodore J.*, 354 P.3d 1085, 1090 (Alaska 2015) (quoting *Fardig v. Fardig*, 56 P.3d 9, 11 (Alaska 2002)).

[12]    *Id.* (quoting *Siekawitch v. Siekawitch*, 956 P.2d 447, 449 (Alaska 1998)).

[13]    *J.M. v. S.C.*, 552 P.3d 475, 482-83 (Alaska 2024); AS 25.20.110(a).

[14]    *See Lashbrook v. Lashbrook*, 957 P.2d 326, 329 (Alaska 1998).

[15]    AS 25.20.110(g).

[16]    *Park v. Park*, 986 P.2d 205, 207 (Alaska 1999).

**A. The Superior Court Did Not Err Or Abuse Its Discretion By Modifying Custody.**

Brittney challenges the superior court's analysis of the children's best interests. She contends that it abused its discretion because it did not acknowledge all of the best interest factors required by AS 25.24.150(c), specifically faulting the court for not considering the children's preferences.[17]

The superior court needs to discuss only the best interest factors "that are actually relevant in light of the evidence presented."[18] Neither parent presented evidence about the children's custodial preferences.[19] The court did not abuse its discretion by not discussing a factor that was not relevant.

Brittney also argues that the court erred by considering her use of Vivitrol. She testified that she took it to "curb smoking and alcohol," but she denied that her alcohol use was "problematic."

When fashioning a custody award that is in the children's best interests, the superior court is required to consider "evidence that substance abuse by either parent . . . directly affects the emotional or physical well-being of the child."[20] Andrew alleged that Brittney abused cocaine or similar hard drugs. She denied using any controlled substances, but stated in an affidavit that she had been "voluntarily taking the Vivitrol shot for almost 5 months." The court ordered her to take a substance abuse assessment. In light of Brittney's admission that she was receiving injections of a prescription

---

[17] AS 25.24.150(c)(3) (child's preference if child "is of sufficient age and capacity").

[18] *Park*, 986 P.2d at 207.

[19] Brittney testified about the older daughter's schooling preferences, but did not offer evidence of her custodial preference. We have repeatedly affirmed superior courts' determinations that the preferences of similarly aged children were due little or no weight. *See Caroline J. v. Theodore J.*, 354 P.3d 1085, 1092 (Alaska 2015); *William P. v. Tauyna P.*, 258 P.3d 812, 817 (Alaska 2011).

[20] AS 25.24.150(c)(8).

medication used to control alcohol cravings, the court did not abuse its discretion by considering evidence of substance abuse based in part on her Vivitrol use.[21]

The superior court concluded that granting Andrew sole legal custody and primary physical custody was in the girls' best interests. The court stated that by modifying custody it intended "to ensure that they are regularly attending school, completing assignments, and attending counseling sessions as necessary."

Brittney contends that awarding Andrew sole legal custody because the parents could not effectively communicate and coparent was an abuse of discretion enabling parent alienation. Joint legal custody, however, "is proper only if 'the parents can cooperate and communicate in the child's best interest[s].' "[22] Brittney and Andrew's inability to cooperate makes joint legal custody inappropriate in this situation. The court did not abuse its discretion by awarding sole legal custody to Andrew.[23]

Brittney also argues that rather than awarding Andrew sole legal custody, the court could have awarded him merely final authority over the girls' education. But the superior court has considerable discretion to fashion custody awards.[24] It did not abuse that discretion by awarding Andrew sole legal custody.

---

[21]    *See Barrett v. Alguire*, 35 P.3d 1, 11-12 (Alaska 2001) (holding it was not abuse of discretion to weigh substance abuse factor against father when court found he was in denial about his alcohol dependence).

[22]    *Sarah D. v. John D.*, 352 P.3d 419, 435 (Alaska 2015) (quoting *Jaymot v. Skillings-Donat*, 216 P.3d 534, 540 (Alaska 2009)).

[23]    *Smith v. Smith*, 673 P.2d 282, 283 (Alaska 1983) (holding no abuse of discretion to reject joint custody when parents could not cooperate); *cf. Bell v. Bell*, 794 P.2d 97, 99 (Alaska 1990) (reversing sole legal custody when finding that parents were unable to cooperate was erroneous).

[24]    *Limeres v. Limeres*, 320 P.3d 291, 295 (Alaska 2014).

## B. Brittney's Remaining Arguments Are Waived.

We apply a "lenient standard" to self-represented parties' briefs.[25] But even self-represented parties "must cite authority and provide a legal theory."[26] "To avoid waiver, a pro se litigant's briefing must allow his or her opponent and this court to discern [his or her] legal argument."[27]

Brittney makes a number of cursory arguments with no legal foundation or factual support.[28] These arguments are therefore waived and we will not consider them.[29]

## V. CONCLUSION

We AFFIRM the superior court's modification of custody.

---

[25] *Wright v. Anding*, 390 P.3d 1162, 1175 (Alaska 2017).

[26] *Casciola v. F.S. Air Serv., Inc.*, 120 P.3d 1059, 1063 (Alaska 2005).

[27] *Id.*

[28] She argues that the court assigned too much weight to the therapist's testimony, that it conflated the modification hearing with her separate divorce proceedings, that the modification was an "over correction," and that it violated her and her children's due process rights.

[29] *See Griswold v. Homer Advisory Plan. Comm'n*, 484 P.3d 120, 128 (Alaska 2021) (treating inadequately briefed arguments as waived).